UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ERIKA L. GRUENERT,

    Plaintiff,

v.

DIVERSIFIED CONSULTANTS, INC.

    Defendant.

Case No. 1:19-cv-08230

## COMPLAINT

NOW COMES Plaintiff, ERIKA L. GRUENERT, through counsel, SULAIMAN LAW GROUP, LTD., complaining of Defendant, DIVERSIFIED CONSULTANTS, INC. as follows:

### NATURE OF THE ACTION

1. Plaintiff is seeking redress for Defendant's violation(s) of the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. § 1692 *et seq*. and the Telephone Consumer Protection Act (the "TCPA"), 47 U.S.C. § 227 *et seq*.

### JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

### PARTIES

4. ERIKA L. GRUENERT ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in Oak Park, Illinois.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

7. DIVERSIFIED CONSULTANTS, INC. ("Defendant") is a corporation organized under the laws of Florida.

1

8. Defendant has a principal place of business at 10550 Deerwood Park Boulevard, Suite 309, Jacksonville, Florida 32256.

9. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as the principal purpose of Defendant's business is the collection of debt.

10. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as it regularly collects or attempts to collect debts owed or due or asserted to be owed or due another.

11. Defendant is a "person" as defined by 47 U.S.C. § 153(39).

## FACTUAL ALLEGATIONS

12. At all times relevant, Plaintiff was the sole operator, possessor, and subscriber of the cellular telephone number ending in 4948.

13. At all times relevant, Plaintiff's number ending in 4948 was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

14. At all times relevant, Plaintiff was financially responsible for her cellular telephone equipment and services.

15. Years ago, Plaintiff obtained wireless equipment and services through Sprint®.

16. As result of financial hardship, Plaintiff fell behind on financial obligations, including debt owed to Sprint (the "subject debt").

17. Soon thereafter, however, Sprint enlisted Defendant to collect Plaintiff's unpaid $432.00 balance.

18. Plaintiff's balance is a "debt" as defined by 15 U.S.C. § 1692a(5).

19. In February of 2019, Plaintiff started to receive phone calls from Defendant.

20. On multiple occasions, Plaintiff answered, was met by clear pause, and was forced to say "*Hello, Hello, Hello*" prior to being connected to Defendant's representative

2

21. Other times, Plaintiff answered and the call promptly dropped.

22. Frustrated by Defendant's harassing phone calls, Plaintiff explicitly instructed Defendant to calling in May of 2019.

23. Weeks later, Defendant threatened Plaintiff with collection proceedings and subsequent wage garnishment.

24. Regrettably, Plaintiff continues to receive phone calls from numbers leading back to Defendant – (312) 626-6838; (312) 626-6617; and (312) 500-1934.

25. All in all, Plaintiff has received no less than 30 unconsented-to phone calls from Defendant in spite of Plaintiff's request that they stop calling.

26. To date, no collection proceedings have been instituted against Plaintiff to collect this debt.

27. However, Defendant's threat caused Plaintiff anxiety consistent with believing that collection proceedings were imminent without prompt payment.

28. Defendant's phone calls resulted in aggravation that accompanies unsolicited phone calls, anxiety, diminished value and utility of telephone equipment and telephone subscription services, emotional distress, increased risk of personal injury resulting from the distraction caused by the phone calls, intrusion upon and occupation of Plaintiff's cellular telephone capacity, invasion of privacy, loss of battery charge, loss of concentration, mental anguish, nuisance, the per-kilowatt electricity costs required to recharge her cellular telephone as a result of increased usage of her telephone services, and wasting Plaintiff's time.

29. Concerned with having had her rights violated, Plaintiff sought counsel to ensure that Defendant's unlawful collection practices stopped.

30. Accordingly, Plaintiff needed to expend energy/time consulting with attorneys as direct result of Defendant's unlawful collection practices.

## CLAIMS FOR RELIEF

### COUNT I:
### Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq.*)

31. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

### Violation(s) of 15 U.S.C. § 1692d

32. Section 1692d provides:

[a] debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(5) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

33. Defendant violated 15 U.S.C. § 1692d(5) by continuing to place phone calls to Plaintiff despite Plaintiff's request(s) that Defendant stop calling.

34. Defendant's behavior of continuing to place phone calls to Plaintiff was abusive, harassing, and oppressive.

### Violation of 15 U.S.C. § 1692e

35. Section 1692e provides:

A debt collector may not use any false, deceptive, or misleading representations or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(4) The representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such

4

action is lawful and the debt collector or creditor intends to take such action.

(5) The threat to take any action that cannot legally be taken or that is not intended to be taken.

(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

15 U.S.C. §§ 1692e(4), e(5) and e(10).

36. Defendant violated 15 U.S.C. §§ 1692e(5) and e(10) by threatening Plaintiff with collection proceedings.

37. Defendant violated 15 U.S.C. §§ 1692e(4) and e(10) by threatening Plaintiff with wage garnishment.

38. Upon information and belief, Defendant did not intend to take such action when they made both threats.

39. Plaintiff may enforce the provisions of 15 U.S.C. §§ 1692d(5), e(4), e(5) and e(10) pursuant to section k of the FDCPA (15 U.S.C. § 1692k) which provides "any debt collector who fails to comply with any provision of [the FDCPA] with respect to any person is liable to such person in an amount equal to the sum of -

(1) any actual damage sustained by such person as a result of such failure;

(2)

    (A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000.00; or

(3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with reasonable attorney's fees as determined by the court.

**WHEREFORE**, Plaintiff requests the following relief:

A. a finding that Defendant violated 15 U.S.C. §§ 1692d(5), e(4), e(5) and e(10);

B. an award of any actual damages sustained by Plaintiff as a result of Defendant's violation(s);

C. an award of such additional damages, as the Court may allow, but not exceeding $1,000.00;

D. an award of costs of this action, together with reasonable attorney's fees as determined by this Court; and

E. an award of such other relief as this Court deems just and proper.

## COUNT II:
## Telephone Consumer Protection Act (47 U.S.C. § 227 *et. seq.*)

40. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

41. Defendant placed or caused to be placed no less than 30 non-emergency calls, including but not limited to the aforementioned collection calls, to Plaintiff's cellular telephone utilizing an automatic telephone dialing system ("ATDS") or an artificial or prerecorded voice without Plaintiff's consent in violation of 47 U.S.C. §227 (b)(1)(A)(iii).

42. Upon information and belief, based on the clear pause Plaintiff experienced, Defendant employed an ATDS to place calls to Plaintiff's cellular telephone.

43. Upon information and belief, based on the lack of immediate human intervention Plaintiff experienced, Defendant employed an ATDS to place calls to Plaintiff's cellular telephone.

44. Upon information and belief, the ATDS employed by Defendant transfers the call to a live representative once a human voice is detected, hence the clear pause.

45. Upon information and belief, the ATDS employed by Defendant has the ***capacity*** – (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers.

46. Upon information and belief, Defendant acted through its agents, employees, and/or representatives at all times relevant.

47. As a result of Defendant's violations of 47 U.S.C. §227 (b)(1)(A)(iii). Plaintiff is entitled to receive $500.00 in damages for each violation.

48. As a result of Defendant's *knowing and willful violations* of 47 U.S.C. §227 (b)(1)(A)(iii), Plaintiff is entitled to receive up to $1,500.00 in treble damages for each violation.

WHEREFORE, Plaintiff requests the following relief:

A. a finding that Defendant violated 47 U.S.C. § 227 *et seq*.;

B. an award of statutory damages of at least $500.00 for each and every violation;

C. an award of treble damages of up to $1,500.00 for each and every violation; and

D. an award of such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

DATED: December 17, 2019                                  Respectfully submitted,

**ERIKA L. GRUENERT**

By: */s/ Joseph S. Davidson*

Mohammed O. Badwan
Joseph S. Davidson
Victor T. Metroff
**SULAIMAN LAW GROUP, LTD.**
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
+1 630-575-8181
mbadwan@sulaimanlaw.com
jdavidson@sulaimanlaw.com
vmetroff@sulaimanlaw.com